LAWRENCE G. BROWN
Acting United States Attorney
MICHELLE RODRIGUEZ
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>LINDA MARIE DUNSTON,<br>　aka Linda Marie KELLY<br>　　　　Defendant. | CR. NO. S-03-423-GEB<br>CR. NO. S-09-098-GEB<br><br>**U.S. SENTENCING MEMORANDUM**<br>Hearing date: 5/29/2009 |

　　　The PSR recommends (at offense level 27 and Criminal History IV) a range of 100 to 120 months for the charges originating in the EDCA (Counts 1 and 2 of CR. NO. S-03-423-GEB) and a range of 5 to 11 months for the TSR violation (TSR originating from a 2002 N.D. of Ohio misprision conviction, now CR. NO. S-09-098-GEB).  The PSR ultimately recommends a consecutive sentence as follows: a 60 month sentence on Count 1, plus a 60 month sentence on Count 2, plus an 11 month sentence on the TSR violation, for a total term of 131 months.  The United States urges the Court to follow the PSR's recommendation.

**I.　　BACKGROUND RE PLEA AGREEMENT**

　　　The parties' 10/3/03 plea agreement contemplated that Kelly, for her EDCA offenses in Counts 1 and 2 of CR. NO. S-03-423-GEB, could earn a downward departure motion from the United States

(under USSG 5K1.1) for cooperation.  In relevant part, the 10/3/03 plea agreement set forth Kelly's obligations and agreement as follows:

> Agreement to Cooperate:  The defendant agrees to cooperate fully with the United States and any other federal, state, or local law enforcement agency, as directed by the United States.
>         *    *    *
> As used in this agreement, "cooperation" requires the defendant:  (1) to respond truthfully and completely to all questions ....; (2) to attend all meetings, grand jury sessions, trials and other proceedings ... compelled by subpoena or court order regarding the charged EDCA activity; (3) to produce voluntarily any and all documents, ....; (4) not to participate in any criminal activity while cooperating with the United States; and (5) to disclose to the United States the existence and status of all [proceeds].
>         *    *    *
> If the defendant commits any crimes or if any of her statements or testimony prove to be knowingly false, misleading, or materially incomplete, or if she otherwise violates this plea agreement in any way, the United States will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein.  The determination of whether the defendant violated this plea agreement will be under a probable cause standard.
>         *    *    *    *

Plea Agreement (10/3/03) ¶¶ 7(a),7(b) and 8.

## II.  NO USSG 5K1.1 MOTION UNDER PLEA AGREEMENT

As the PSR indicates, Kelly has violated her plea agreement in numerous respects, including by her failure to comply with a "court order" for her to appear for sentencing on 1/9/04 "regarding the charged EDCA activity" and by her participation in "criminal activity". PSR ¶2,17,21,26. Kelly does not dispute her violation of her plea agreement's cooperation terms.  Indeed, on 3/20/09 via her TSR violation admissions, she admitted her failure to comply with a "court order" and she admitted her participation in "criminal activity" on 11/11/04 (approx. 30 days after entering into the plea agreement). Id. See PSR¶3. Thus, as the United States urges this Court to find, probable cause indicates Kelly has violated her plea

2

1  agreement.  At the sentencing hearing, in light of Kelly's
2  violation of plea agreement terms and her inconsistent statements
3  re her EDCA conduct (<u>compare</u> PSR ¶ 31,32 <u>with</u> Plea Agreement
4  (Stipulated Facts) ¶21), the United States will not move under USSG
5  5K1.1 for downward departure.
6  **III. KELLY'S 5/26/09 DOWNWARD DEPARTURE CLAIMS SHOULD BE DENIED**
7      **Child neglect claim**.  Kelly was over 40 years old at the time
8  of her offenses. Given Kelly's criminal background/experience and
9  considering her ability to function in society (prior employment,
10 previous small business owner/operator, past sales and accounting
11 education and skills), she is well beyond (even a large window) to
12 claim youthful lack of guidance as an excuse for criminal activity.
13 PSR¶ 83-88.  Moreover, she committed no crimes during her supposed
14 disadvantaged youth.  Her first offense is reported at age 26. <u>See</u>
15 PSR¶59.
16     **Sentence disparity claim**.  Superficial analysis may indicate
17 Kelly faces a harsh sentence vis-a-vis her co-conspirators.
18 However, Kelly (having squandered possible sentencing departure
19 downward) has earned the recommended 131 month sentence based on
20 (1) her lengthy criminal history (including an unscored prior), (2)
21 her key roles in each conspiracy (a) in stealing lines of credit
22 and (b) in providing false documents needed to negotiate the stolen
23 check, (each role was unscored, <u>i.e.</u> the PSR fails to assess points
24 for role), (3) her threat of recidivism, and (4) for the reasons
25 set forth by the probation officer. PSR ¶¶ 109-115.
26     **Unrealistic conspiracy claim.**  Kelly cites no authority for
27 variance or departure downward for supposed unrealistic criminal
28 objectives.  Kelly's claim is unavailing. In <u>United States v.</u>

3

1   Recio, 123 S.Ct. 819, 822 (2003), the Supreme Court stated:

2   >   The Court has repeatedly said that the essence of a
>   conspiracy is 'an agreement to commit an unlawful act.'"
3   >   Iannelli v. United States, 420 U.S. 770, 777 (1975); see
>   United States v. Shabani, 513 U.S. 10, 16 (1994);
4   >   Braverman v. United States, 317 U.S. 49, 53 (1942). That
>   agreement is 'a distinct evil,' which 'may exist and be
5   >   punished whether or not the substantive crime ensues.'
>   Salinas v. United States, 522 U.S. 52, 65 (1997). The
6   >   conspiracy poses a 'threat to the public' over and above the
>   threat of the commission of the relevant substantive
7   >   crime-both because the '[c]ombination in crime makes more
>   likely the commission of [other] crimes' and because it
8   >   decreases the probability that the individuals involved will
>   depart from their path of criminality.' Callanan v. United
9   >   States, 364 U.S. 587, 593-594 (1961); see also United
>   States v. Rabinowich, 238 U.S. 78, 88 (1915) (conspiracy
10  >   'sometimes quite outweigh[s], in injury to the public, the
>   mere commission of the contemplated crime') ...
11  >   ('[i]mpossibility' does not terminate conspiracy because
>   'criminal combinations are dangerous apart from the danger of
12  >   attaining the particular objective'). So too remains the
>   essence of the conspiracy-the agreement to commit the
13  >   crime....

14  Id. Thus, regardless of whether the object of the conspiracy was

15  impossible, it is the agreement to do an unlawful act as

16  implemented by one or more overt acts that constitutes a chargeable

17  and punishable conspiracy.

18       Despite thorough consideration of the factors set forth under

19  18 USC 3553 and for the reasons set forth in the PSR, the United

20  States cannot support USSG departure or variance downward.

21  **IV.   KELLY HAS WAIVED APPELLATE RIGHTS**

22       Even though Kelly (by her conduct) has violated the terms of

23  her plea agreement (losing possible 5K1.1 motion for departure

24  downward and losing acceptance of responsibility), she is

25  nevertheless bound by its terms.  If this Court imposes the

26  recommended 131 month sentence, then as agreed in the plea

27  ///

28

4

agreement Kelly will have waived her right, if any, to appeal and collateral attack.

> If the defendant is sentenced in accordance with this plea agreement, then the defendant agrees to waive all rights to appeal her guilty plea, the sufficiency of the evidence against her, and to attack collaterally her guilty plea and the sufficiency of the evidence against her, pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255.  Further, the defendant agrees to waive all rights to appeal her sentence and to attack collaterally her sentence, pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255.

Plea Agreement (10/3/03) ¶ 32.

**V.   CONCLUSION**

The United States requests the Court fully follow the recommended sentence contained in the PSR.

Dated:  5/28/2009

LAWRENCE G. BROWN
Acting United States Attorney

/s/ Michelle Rodriguez
By: 
MICHELLE RODRIGUEZ
Assistant U.S. Attorney